Day, C. J.
The plaintiff filed his petition, in the court of common pleas for the county of Ottawa, March 20, 1858, and averred therein, that he had the legal title to, and was in the possession of, one hundred and fifteen acres of land in lot number one, in section three, etc., to a portion of which, containing about fourteen acres, the defendant Buck claims an estate and interest adverse to him; that said Buck has bargained away all the hickory timber on said fourteen acres, to parties who have entered upon said premises, and are about to cut and remove said timber, to the great and irreparable injury of the freehold of the plaintiff; and he prays that the estate and interest of said Buck may be determined and declared void, and that he and the other defendants may be enjoined from selling, cutting, and removing any timber from said land.
The defendant denies, in his answer, that the plaintiff has a legal title to said fourteen acres of land, but admits that he has a title to all the land in said lot number one, but denies’that said fourteen acres are within the boundaries of lot number one, and denies that the plaintiff owns or is in possession thereof. The defendant further says, that he has a legal title to lot number sixteen, and that said fourteen acres of land are in said lot sixteen, and in his possession. He does not deny that he is selling and causing the timber to be removed therefrom, or that he is thereby causing irreparable injury to the freehold;’but claims that he has a lawful right so to do. He also prays that his title to said land may be quieted.
The reply denies that any part of said fourteen acres is situate in lot number sixteen, and denies that the defendant has any interest therein.
The plaintiff recovered judgment in the common pleas, from which the defendant appealed to the district court. That court dismissed the appeal, and the defendant brought his petition in error in this court, which reversed the judgment of the district court, dismissing the appeal, and sent its mandate to that court, directing it to proceed to final judgment in the case.
On the trial, the district court found, as matter of fact, that the *68 plaintiff owned lot number one; that the defendant owned lot number sixteen; that these were adjoining lots; and that the controversy about the ownership of said fourteen acres arises out of a dispute about the location of the boundary line between said lots.
The court found the issues of fact arising in the pleadings to be with the plaintiff, and that said land in dispute was within, and formed part of, said lot number one.
*It being thereupon claimed by counsel for the defendant, “that the petition should be dismissed, and that the relief prayed for by the plaintiff ought not to be granted until the issues, as to the location of said boundary line, should be established by the verdict of a jury in an appropriate action for the recovery of real property," the court reserved the case for the determination of that question, and for final judgment in this court.
It is noticeable that the defendant did not dispute but that the pleadings and findings of the court showed that the plaintiff was entitled to the relief sought by the action ; but it is claimed that the form of the pleading is such that the defendant had no right to demand a jury trial of an issue involving the location of a boundary line between the adjoining lands of the parties, and that he was thereby deprived of a constitutional right.
Since the distinction between actions at law and suits in chancery is abolished in the code, and the “ civil action ” is substituted for both, it must be conceded that the court in which this action was brought had jurisdiction of the case.
It is apparent from the pleadings, as well as from the findings of the court, that the controversy between the parties arose out of a dispute about the location of the boundary line between their respective lots. But the defendant interposed no objection to the form of the proceedings instituted to determine the controversy, until after the final trial on appeal resulted against him. The defendant met the petition by traversing the facts averred therein, and by setting up a claim of right in himself to the land in dispute, and prayed that his title thereto might be quieted against the claim of the plaintiff. Moreover, when the district court dismissed the defendant’s appeal to that court, on the ground that he had the right to have the issues tried by jury in the common pleas, he procured the case to be reinstated, by the order of this court, as on appeal to the district court, where he could not have the case tried *69 by jury, except by leave of the court in the exercise.of its discretion. Code, see. 264.
Having thus waived all objection to the form of the proceeding, and submitted the-issues of fact to the determination *of the court, without objection, it was too late for th'e defendant, after the case had been decided against him, to avail himself of the objection insisted upon to prevent a final decree upon the pleadings and i’acts found by the court.
But, while this view is decisive of the case, I apprehend it need not be placed on that ground alone.
The objection urged by the defendant clearly concedes the right of the plaintiff to the relief sought by him, upon the facts found by the court, if they had been “ established by the verdict of a jury in an appropriate action for the recovery of real property.” The objection, then, went to the mode of obtaining the remedy, rather than to the remedy itself. It seems, moreover, to have been assumed, that the facts were such that an “ action for the recovery of real property ” might have been properly founded thereon. But actions of that class are brought to recover the possession of real property, upon averments, under the code, that the party “ has a legal estate therein, and is entitled to the possession thereof; and that the defendant unlawfully keeps him out of the possession.” Code, see. 558.
Since, then, both parties claimed to be in possession of the land in dispute, either would have encountered a serious difficulty, in bringing “ an action for the recovery of real property,” when called upon to verify, or to prove the necessary averment, that he was kept out of the possession of such property by the other party. It is manifest that this was not the “ appropriate action ” for the plaintiff, as he did not seek the recovery of real property, but sought to remove a cloud cast upon his title by the defendant, and to prevent irreparable injury to his freehold, consequent upon the unfounded claim of the defendant thereto.
The plaintiff found a clear way to the relief sought by him in the 557th section of the code, which provides that “ an action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest.”
The relief sought by the plaintiff could not have been obtained *70 by an action for tbe recovery of real property, under ^either tbe code or tbe form’s of tbe common law; and was not, therefore, a case in wbicb be could demand a trial by jury, of tbe issues involved, under either tbe present or former practice.
Tbe remedy provided by tbe 557th section of tbe code is a continuation of that given by tbe 14th section of tbe chancery practice act of 1831; and, so far as applied to this case, is in harmony with tbe more ancient rules of equity jurisprudence. Nor would relief be refused (where tbe recovery of possession is not ashed) under either tbe present or former systems of practice, because tbe controversy arises out of a confusion of boundaries. 1 Story’s Eq., secs. 621, 622; 2 Ib., sec. 860.
It follows that tbe defendant bad neither a statutory nor constitutional right to have the boundary line in controversy established by tbe verdict of a jury, as a condition precedent to tbe relief wbicb the plaintiff is entitled to, upon tbe pleadings and facts found by tbe district court.

Decree for the plaintiff.

White, Welch, Brinkerhoee, and'Scora, JJ., concurred.